FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 0 5 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDWARD STONE, ) | |
| ) | |
| Plaintiff ) | CIVIL ACTION FILE NO. |
| ) | **1 09-CV-2765** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | BBM |
| ) | |
| Defendant. ) | |

## COMPLAINT

### I. INTRODUCTION

1. This action, under the Second, Fourth, and Fifth Amendments of the Constitution of the United States, seeks an order for the return of property and damages (not to exceed $10,000) stemming from the illegal seizure of Plaintiff's property.

### II. JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1346(a)(2).

3. Venue is proper in this District under 28 U.S.C. § 1402(a)(1) because the United States is a Defendant and Plaintiff resides in this District. Venue is proper in this Division under L.R. 3.2(B)(1)(a) because the Defendant United States of America has its principal office for this District in this Division and under L.R. 3.2(B)(3) because the events giving rise to this case occurred in this Division.

### III. PARTIES

4. Plaintiff Edward Stone is a resident of the State of Georgia and a citizen of the United States.

5. Defendant is the United States of America.

### IV. FACTUAL BACKGROUND

6. On or about May 2, 2009, Plaintiff's car was burglarized.

7. At the time of the burglary, Plaintiff had locked in his car two handguns that are legally owned by Plaintiff and that were legally possessed by Plaintiff.

8. On or about May 6, 2009, the Atlanta Police Department recovered Plainitff's property and reported the recovery to Plaintiff.

9.  Over the next several weeks, Plaintiff discussed the return of his property with various personnel at the police department and the Fulton County District Attorney's office.

10. By June 10, 2009, Plaintiff had obtained permission from the Fulton County District Attorney's office, the Atlanta Police detective assigned to the case, and the Atlanta Police officer who recovered the property to retrieve his property and make it available as needed for the prosecution of anyone related to the burglary.

11. On or about June 10, 2009, Plaintiff went to the Atlanta Police property room to retrieve his property.

12. After spending a significant amount of time with the Atlanta Police, the Police reported to Plaintiff that the Police no longer possessed the property.

13. According to the Police, Special Agent Scott Oliver of the United States Department of Justice Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") seized the property from the Police on June 3, 2009.

14. On information and belief, Agent Oliver did not have a warrant to seize the property.

15. On or about June 10, 2009, Plaintiff wrote a letter to Agent Oliver asking Agent Oliver to contact Plaintiff regarding his property.

16. The June 10 letter was sent via facsimile and U.S. Mail.

17. On or about June 15, 2009, Plaintiff wrote a second letter to Agent Oliver asking Agent Oliver to contact Plaintiff regarding his property.

18. The June 15 letter was sent via facsimile and U.S. Mail.

19. On or about June 10, 2009, Plaintiff left a voice mail message for Agent Oliver, asking Agent Oliver to contact Plaintiff regarding his property.

20. On or about June 15, 2009, Plaintiff left a second voice mail message for Agent Oliver asking that Agent Oliver contact Plaintiff regarding his property.

21. Agent Oliver has not responded to any of Plaintiff's letters or voice mail messages.

22. On or about June 16, 2009, Plaintiff's counsel spoke with an attorney with the Division Counsel for the ATF, asking about Plaintiff's property.

23. On or about June 29, 2009, the ATF attorney advised Plaintiff's counsel that the ATF was holding Plaintiff's property as evidence for possible federal criminal charges against the person who was found in possession of Plaintiff's property. The ATF attorney advised Plaintiff's counsel that Plaintiff's property could not

24. be released until at least after the person was indicted, in which case the matter would be with the United States Attorney's office.

24. During the summer of 2009, Plaintiff's counsel inquired occasionally of the ATF attorney what the status of the case was, with no additional information being made available.

25. To date, no indictment has been obtained against the person found in possession of Plaintiff's property.

26. Plaintiff is an innocent owner of his property and is not suspected of any criminal activity involving the property.

27. Plaintiff's property is not contraband.

28. The *status quo* is that Defendant has Plaintiff's property in its possession, Defendant asserts that it can hold Plaintiff's property indefinitely, and that Plaintiff must be content to wait until Defendant decides to return his property to him.

## Count 1 – Violation of Second Amendment

29. Plaintiff has a fundamental constitutional right guaranteed by the Second Amendment to keep arms in the home for self defense.

30. The handgun is the quintessential arm for self defense in the United States.

31. By seizing and retaining Plaintiff's handguns, Defendant has violated Plaintiff's Second Amendment rights.

## Count 2 – Violation of the Fourth Amendment

32. By seizing Plaintiff's property without a warrant, Defendant has violated Plaintiff's right to be free from unreasonable seizures guaranteed to him by the Fourth Amendment.

## Count 3 – Violations of the Fifth Amendment

33. By seizing Plaintiff's property without providing Plaintiff a meaningful opportunity to contest the seizure or obtain a return of the property, Defendant has violated Plaintiff's right to be free from deprivation of property without procedural due process as guaranteed by the Fifth Amendment.

34. By seizing and retaining Plaintiff's property, Defendant has violated and continues to violate Plaintiff's right to be free from deprivation of property without substantive due process as guaranteed by the Fifth Amendment.

## Prayer for Relief

Plaintiff demands the following relief:

35. An injunction requiring Defendant to return Plaintiff's property.

36. A declaration that Defendant violated Plaintiff's civil rights.

37. Damages in an amount to be determined at trial.

38. A jury to try this case.

39. Costs, including reasonable attorney's fees.

40. Any other relief the Court deems proper.

JOHN R. MONROE,

/s/ John R. Monroe
John R. Monroe
Attorney at Law
9640 Coleman Road
Roswell, GA 30075
Telephone: (678) 362-7650
Facsimile: (770) 552-9318
john.monroe1@earthlink.net

ATTORNEY FOR PLAINTIFF