IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| EDWARD STONE, | : CIVIL ACTION |
| | : |
| Plaintiff, | : NO. 1:09-CV-2765-BBM |
| | : |
| v. | : |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
| Defendant. | : |

**GOVERNMENT DEFENDANTS'**
**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT**

Plaintiff has sued the United States and has moved for entry of default against the United States.  The defendant opposes plaintiff's request for entry of default.

## I.  FACTUAL BACKGROUND

Plaintiff filed this action on October 5, 2009, against defendant United States seeking money damages, injunctive relief, and declaratory judgment against the defendant for not returning two firearms to plaintiff that a third party had illegally stolen from plaintiff's vehicle.  Plaintiff attempted service of process upon the United States Attorney by forwarding copies of a summons and complaint addressed to "Sally Quillian Yates, Acting U.S. Attorney, 75 Spring Street, Room 600, Atlanta, Georgia 30303."  (Amended Motion to Dismiss (at Court Record, Docket Entry ("CR") [6] ex. 4).  Plaintiff forwarded that parcel by certified mail, receipt number 7008 1830 0005 0237 9094.  Id.  Plaintiff's parcel has a metered postage label obtained through "endicia.com," which label recites that it was printed December 7, 2009.  Id.  The United States Postal Service's Track &

Confirm service reports for this certified mail parcel "Arrival at Unit, October 08, 2009," and "Delivered, October 09, 2009." (Def. ex. 5). On December 8, 2009, sixty days after plaintiff's mailing addressed to Acting U.S. Attorney containing copies of a summons and complaint were received by the United States Attorney's office, defendant filed a motion under Fed.R.Civ.P. 12 seeking dismissal of this case on grounds that plaintiff fails to establish that this Court has subject matter jurisdiction over his claims and he fails to state a claim upon which relief may be granted. Defendant amended its motion on December 14, 2009, to challenge sufficiency of service of process. Defendant has also moved in the alternative, if the Court does not grant defendant's Motion to Dismiss, to stay this civil action pending the resolution of the related criminal case <u>United States v. Rogers</u>, 1:09-CR-441 (N.D. Ga.), wherein the firearms at issue in this case are evidence.

Plaintiff filed on December 14, 2009, a request for entry of default against the United States. Plaintiff asserts that the United States was required to file an answer or Fed.R.Civ.P. 12 motion within 60 days after the date his attorney states he placed the service package addressed to the Acting United States Attorney in the mail, which would have made the response date December 7, 2009. (CR [5]). Thus, he argues, the United States responded one day late and is in default. <u>Id.</u>

Following service of defendant's amended motion to dismiss challenging sufficiency of service, plaintiff filed a Return of Service declaring that on December 15, 2009, he served the United

States pursuant to Fed.R.Civ.P. 4(i) by sending a summons and complaint by certified mail addressed to the civil process clerk for the United states Attorney's office for the Northern District of Georgia. Plaintiff, however, did not withdraw his motion for entry of default.

## II.  **ARGUMENT**

Plaintiff has submitted a motion for entry of default against the United States. His request should be denied for the reasons stated below.

### 1.  **The United States Is Not in Default**

Plaintiff's motion for entry of default should be denied on the ground that the United States is not in default.

The United States has sixty days from proper service upon the United States Attorney within which to respond to plaintiff's Amended Complaint, and that period has not yet begun to run, because plaintiff had not properly served process in the manner required by Fed.R.Civ.P. 4(i)(1)(A). Rule 4(i) of the Federal Rules of Civil Procedure provides that service upon the United States must be effected by (1) delivering a copy of the summons and complaint to the United States Attorney for the district where the action is brought or her designee, or by sending, via registered or certified mail, a copy of the summons and complaint to **"the civil-process clerk at the United States Attorney's office"**; (2) sending copies of the summons and complaint, by registered or certified mail, to the Attorney General of the United States; and (3) sending copies of the summons and complaint, by registered or certified mail, to the officer, employee, or agency

whose order is challenged. Fed.R.Civ.P. 4(i)(1)(A)-(C).; see Sanchez-
Mariani v. Ellingwood, 691 F.2d 592, 594 (1st Cir. 1982). Rule
12(a)(2) of the Federal Rules of Civil Procedure provides that the
duty of the United States, its agencies, and its officers or employees
sued in official capacity to answer a complaint arises only upon
service of "the pleading asserting the claim" upon "the United States
attorney." Read together, the Federal Rules of Civil Procedure (a)
require that where the defendant is the United States, or its agency
or official capacity employee, the United States Attorney "for the
district where the action is brought" be served, Fed.R.Civ.P.
4(i)(1)(A); (b) direct that once the United States Attorney is
properly served a 60-day response time starts, Fed.R.Civ.P. 12(a)(2);
and (c) provide that failure to properly serve the United States
Attorney as required for effective service is a ground for dismissal
of the complaint, Fed.R.Civ.P. 12(b)(5).

Review of the court's record reveals that along with his motion
for entry of default plaintiff filed a declaration from his attorney
representing that he served the defendant "by mailing a copy via
certified mail to the acting United States Attorney for the Northern
District of Georgia." (CR [5-2]). That declaration is consistent
with the actual mailing, as the envelope reflects that it was
forwarded by certified mail, receipt number 7008 1830 0005 0237 9094.
(CR [6] ex. 4). However, as admitted by plaintiff's attorney, the
parcel was addressed to "Sally Quillian Yates, Acting U.S. Attorney,
75 Spring Street, Room 600, Atlanta, Georgia 30303," not to the civil-
process clerk at the United States attorney's office. (Def. ex. 4).

Thus, plaintiff's attempted service of process prior to the filing of his motion for entry of default is insufficient under Fed.R.Civ.P. 4(i).  Sun v. United States, 342 F.Supp.2d 1120, 1123 (N.D.Ga. 2004)(citing Holmstrom v. United States, No. 8:02-CV-2006-T-17MAP, 2003 WL 21254624, *2 (M.D.Fla. 2003)("Rule 4(i)(1) allows a choice between 'delivering a copy of the summons and of the complaint to the United States attorney' and 'sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk.'"  Certified mail not addressed to civil process clerk is insufficient under Fed.R.Civ.P. 12(b)(5).).

Here, there is no dispute that prior to seeking entry of default plaintiff failed to properly serve the United States Attorney by mail in the manner permitted by Fed.R.Civ.P. 4(i)(1)(a).  As found in Sun, the Advisory Committee Notes to Rule 4, 1993 Amendments, Subdivision (i), explains that "[t]o assure proper handling of mail in the United States attorney's office, the authorized mail service must be specifically addressed to the civil process clerk of the office of the United States attorney."  The Court's record further shows that following receipt of the amended motion to dismiss, plaintiff, through counsel, took steps to effect service upon the United States Attorney in compliance with Fed.R.Civ.P. 4(i)(1)(A)(ii), by forwarding a summons and complaint by certified mail addressed to the civil-process clerk at the United States Attorney's office.  (CR [7]).  Defendant cannot, however, determine whether this additional service attempt is sufficient until the certified mail parcel is actually received in the United States Attorney's office.  In the absence of proper service

upon the United States Attorney for the Northern District of Georgia as required to comply with Fed.R.Civ.P. 4(i)(1), the response period provided by Fed.R.Civ.P. 12(a)(2) has not been triggered. Therefore, because the defendant's time to answer or otherwise respond to the complaint has not yet run, entry of default would not be appropriate in this case.

Even if plaintiff had properly served the United States Attorney, the defendant would not be in default. Plaintiff appears to assert that service by mail is subject to the provision in Fed.R.Civ.P. 5(b)(2)(C) that service by mail is "complete upon mailing," rather than upon receipt. However, Rule 5 only applies to pleadings after the original complaint.[1] Fed.R.Civ.P. 5(a)(1)(B).

The rule for mail service upon the United States Attorney, Fed.R.Civ.P. 4(i)(1)(A)(ii), uses the same language as has been included in the rule for service upon the Attorney General since the effective date of the 1963 amendments to Rule 4, Fed.R.Civ.P. 4(i)(1)(B).[2] Advisory Committee Notes to Rule 4, 1963 Amendments, Subdivision (d)(4). While no case interpreting Rule 4(i)(1)(A)(ii) has been located, the same provision as applied to service upon the Attorney General has been interpreted in at least one published

---

[1]    If Rule 5(b)(2)(C) did apply to service of the original complaint by mail, then three additional days would be added to the response period pursuant to Fed.R.Civ.P. 6(d), and defendant's motion still would have been filed within 60 days of service.

[2]    Compare Fed.R.Civ.P. 4(i)(1)(A)(ii) ("*send a copy of each by registered or certified mail* to the civil-process clerk ....") (emphasis added) to (Fed.R.Civ.P. 4(i)(1)(B) ("*send a copy of each by registered or certified mail* to the Attorney General....") (emphasis added).

opinion, <u>Klein v. Williams</u>, 144 F.R.D. 16, 19 (E.D.N.Y. 1992). The district court in that case was faced with a similar argument by Klein that the effective date for service by mail was the date of mailing by the plaintiff rather than the date of receipt by the defendant. The <u>Klein</u> court ruled that

> Klein's contention that a certified mailing to the Attorney General complies with the requirements of Rule 4(d)(4) on the date of mailing is simply without merit. **Service by mail of a summons and complaint is effective upon receipt**, <u>see Morse v. Elmira Country Club</u>, 752 F.2d 35, 41 (2d Cir. 1984), **not upon mailing**, <u>Green v. Humphrey Elevator and Truck Co.</u>, 816 F.2d 877, 882 (3d Cir. 1987).

<u>Klein v. Williams</u>, 144 F.R.D. at 19 (emphasis added). Here, the defective service package mailed by plaintiff was received by the United States Attorney's office on October 9, 2009. Thus, the response date was 60 days later, on December 8, 2009, and defendant's Rule 12 motion was timely filed on that date.

**2. Even If a Technical Default Could Be Found, Entry of Default Would Not Be Appropriate**

Plaintiff's request for entry of default should be denied because entry of default against the defendant would not be appropriate in this case. The defendant is the United States. Therefore, default judgment may not be entered against it unless and until plaintiff establishes a claim or a right to relief by evidence satisfactory to the Court. Fed.R.Civ.P. 55(d).[3] Plaintiff has not established his

---

[3]    Rule 55(d) of the Federal Rules of Civil Procedure provides as
(continued...)

claim or his right to relief in this action by any evidence, much less evidence that should be satisfactory to the court.

Furthermore, the defendant has filed a motion to dismiss showing that the court lacks subject matter jurisdiction over plaintiff's claims, or that the complaint fails to state a claim against the United States, and that the complaint is subject to dismissal for insufficient service of process unless plaintiff cures the service defects.[4]  The United States has also filed an alternative motion to stay the case, if not dismissed, pending the resolution of the criminal case United States v. Rogers, 1:09-CR-441 (N.D. Ga.), wherein the firearms at issue in this case are evidence, noting that the issues raised in this case should be deferred to the trial court in that criminal case.  Under these circumstances, even if plaintiff could show that a response was required from the defendant prior to submission of its motion to dismiss, Rule 55(d) precludes a default judgment in favor of plaintiff in this case.

Courts look upon default judgments with disfavor and, as a general proposition, any doubt should be resolved in favor of deciding

---

(...continued)
follows:
>    A default judgment may be entered against the United
>    States, its officers, or its agencies only if the claimant
>    establishes a claim or right to relief by evidence that
>    satisfies the court.

[4]    Plaintiff has in fact indicated that on December 15, 2009, he took steps to cure the service defect raised by the defendant.  This fact alone should provide grounds to deny the motion for entry of default.

the case on the merits.  <u>Blois v. Friday</u>, 612 F.2d 938 (5th Cir. 1980)[5]; <u>Davis v. Parkhill-Goodloe Co.</u>, 302 F.2d 489, 495 (5th Cir. 1962).  Furthermore, entry of default does not constitute an entry of default judgment.  <u>Arango v. Guzman Travel Advisors</u>, 761 F.2d 1527 (11th Cir. 1985).  A distinction exists between the removal of a party from default and setting aside a default judgment.  A motion to vacate a default judgment is subjected to the strictures of Fed.R.Civ.P. 60(b), whereas Rule 55(c) provides that an entry of default may be set aside "for good cause shown."  <u>Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.</u>, 740 F.2d 1499, 1507 (11th Cir. 1984); <u>see</u> <u>Rasmussen v. W.E. Hutton & Co.</u>, 68 F.R.D. 231 (N.D.Ga. 1975).  Thus, when the defendant can show grounds for setting aside default, a plaintiff's motion for default or default judgment must fail.

A party that fails to timely answer a complaint due to mistake or inadvertence may be granted relief from default under Rule 55(c). <u>Atlanta Gas Light Co. v. Semaphore Advertising, Inc.</u>, 747 F.Supp. at 718 (citing <u>Rasmussen v. W.E. Hutton & Co.</u>, 68 F.R.D. at 235) (when seeking to set aside default rather than to vacate default judgment, the defaulting party's neglect or oversight need not always be excusable).  Relief under Rule 55(c) is warranted when the party seeking default will not be prejudiced by the reopening and the defaulting party has a meritorious defense.  <u>See</u> <u>Cargill, Inc. v.</u>

---

[5]     The Eleventh Circuit, in the <u>en</u> <u>banc</u> decision <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

<u>Cohen</u>, 115 F.R.D. 259, 261-62 (M.D.Ga. 1987); <u>Turner Broadcasting</u> <u>System, Inc. v. Sanyo Electric, Inc.</u>, 33 Bankr. 996, 1000 (N.D.Ga. 1983) (Vining, J.), <u>aff'd without op.</u>, <u>Turner Broadcasting v. Rubin</u>, 742 F.2d 1465 (11th Cir. 1984); <u>McGrady v. D'Andrea Electric, Inc.</u>, 434 F.2d 1000, 1001 (5th Cir. 1970).

In <u>Mason v. Lister</u>, 562 F.2d 343, 345 (5th Cir. 1981), the court found that the district court did not abuse its discretion in refusing to enter default against the government officer, observing that "when the government's default is due to a failure to plead . . . the court typically either will refuse to enter a default or, if a default is entered, it will be set aside." <u>Id.</u>, 562 F.2d at 345. This case also involves an alleged failure to timely plead raised by motion, (CR [5]), but there has been no entry of default by the Clerk of Court or by the Court -- suggesting that the record on its face fails to establish that the defendant is in default. Even if the Court could find a technical default, however, that default should be excused. A finding of default would require a holding that the 60-day time period for the government's response started upon plaintiff's act of mailing process, rather than on the date that process was actually received by the defendant charged with responding. Such a ruling would be inconsistent with <u>Klein v. Williams</u>, 144 F.R.D. at 19, and would effectively eviscerate from Rule 4(i) any requirement to provide the United States with actual notice of suit before subjecting it to adverse rulings.

Defendant's interpretation of Rules 4 and 12 to require response to a complaint 60 days after the United States Attorney actually receives process served by mail is reasonable and consistent with the application of those rules to personal service, and at a minimum would constitute good cause sufficient to open a default even if the court should determine that plaintiff's construction of those rules is correct.  Under these circumstances, entry of default is not warranted.  These circumstances also provide adequate grounds to open default if it had been entered.  E.g., Atlanta Gas Light, 747 F.Supp. at 718; Rasmussen, 68 F.R.D. at 235.  Therefore, permitting this case to go forward for consideration of the pending motion to dismiss or alternatively to stay the case would not prejudice plaintiff.

### III.  CONCLUSION

Based upon the foregoing discussion, defendant respectfully requests that the court deny plaintiff's request for entry of default.

Respectfully submitted,

SALLY QUILLIAN YATES
ACTING UNITED STATES ATTORNEY

s/ R. David Powell
R. DAVID POWELL
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 586450
600 Richard Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303
Voice:    (404) 581-6000
Fax:      (404) 581-6150
Email: R.David.Powell@usdoj.gov

- 11 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDWARD STONE,                    : CIVIL ACTION
                                 :
          Plaintiff,             : NO. 1:09-CV-2765-BBM
                                 :
     v.                          :
                                 :
UNITED STATES OF AMERICA,        :
                                 :
          Defendant.             :

<u>CERTIFICATE OF COMPLIANCE</u>

    I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in LR 5.1B for documents prepared by computer.


                       *s/ R. David Powell*
                       R. DAVID POWELL
                       ASSISTANT U.S. ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDWARD STONE,                    : CIVIL ACTION
                                 :
          Plaintiff,             : NO. 1:09-CV-2765-BBM
                                 :
     v.                          :
                                 :
UNITED STATES OF AMERICA,        :
                                 :
          Defendant.             :

<u>CERTIFICATE OF SERVICE</u>

I certify that I have this day electronically filed the foregoing **GOVERNMENT DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT** with the Clerk of Court using the CM/ECF system which automatically sent email notification of such filing to the following lead attorney(s) of record:

John R. Monroe, Esq.

This <u>15th</u> day of December, 2009.

<u>s/ R. David Powell</u>
R. DAVID POWELL
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 586450